11851

STATE v. GLOVER

(130 S. E., 213)

1. INTOXICATING LIQUORS—MASH MIXTURE HELD NOT INTOXICATING LIQUOR BEVERAGE OR COMPOUND UNDER STATUTE, POSSESSION OF WHICH WAS UNLAWFUL.—Fermented mixture of water, meal, and whole corn, which also smelled of molasses, and contained more than 1 per cent alcohol, *held* not beverage or compound constituting intoxicating liquor within Cr. Code 1922, § 878, possession of which was unlawful under section 873.

2. INTOXICATING LIQUORS—EVIDENCE HELD INSUFFICIENT TO SUSTAIN CONVICTION FOR POSSESSION OF BEVERAGE OR COMPOUND UNDER PROHIBITION STATUTE.—Evidence *held* insufficient to sustain conviction for possession of beverage or compound under Cr. Code 1922, §§ 873, 878.

Before HENRY, J., Orangeburg, January, 1924. Reversed.

E. D. Glover was convicted of unlawfully storing mash, and he appeals.

*Mr. W. B. Martin,* for appellant, cites: *Storing intoxicating liquors prohibited:* Crim. Code, 1922, Sec. 873. *"Alcoholic liquors" defined:* Crim. Code, 1922, Sec. 878.

*Mr. A. J. Hydrick, Solicitor,* for respondent.

November 5, 1925.

The opinion of the Court was delivered by MR. ACTING ASSOCIATE JUSTICE R. O. PURDY.

The defendant was indicted and tried for "having in possession and storing intoxicating liquor, beer, and mash which contained alcohol in excess of 1 per cent., and are used as a beverage, and, if drunk to excess, causes intoxication."

The jury found him guilty of "storing mash," whereupon his attorney made a motion for a new trial, upon the ground that the facts found by the jury did not constitute an offense against the law, and would not support a verdict of guilty. This motion was refused, the defendant was sentenced, and appealed on several exceptions which need not be repeated.

The Criminal Code of South Carolina provides (Section 873):

"It shall be unlawful for any intoxicating liquors to be stored or kept, except for one's own personal use, or that of his immediate family, or for religious purposes, and then only at his usual place of residence, and only when the same shall have been procured in a lawful manner."

Section 878 provides:

"The words 'alcoholic liquors,' as used herein, shall be considered to mean any liquor, beer, beverage or compound, whether distilled, fermented, or otherwise, by whatsoever name known or called, which will produce intoxication, or which contains in excess of one per centum of alcohol and is used as a beverage."

It will be seen, therefore, that the intoxicating liquors legislated against must be such as: (1) Will produce intoxication; (2) must contain an excess of 1 per cent. of alcohol; (3) and be used as a beverage.

There is no dispute about the facts of the case. The officers went to the premises of the defendant, who, from a statement made in the argument, is an elderly Negro, and, accompanied by the defendant, they went in a smokehouse, and found a molasses barrel containing about 40 gallons of a mixture of water, meal, and whole corn, which smelt of molasses and which was in a state of fermentation, and contained more than 1 per cent. of alcohol.

The defendant claimed that, if the mixture smelt of molasses, it was because it was in a molasses barrel; that he had not put any molasses in it; that he had had this mixture for some time, and had made it and used it for fattening his hogs only; and that he would add to it as used, claiming that it fattened his hogs faster than if the corn had been used by itself.

The Court is of the opinion that, while the "mash", as found, might have been converted into a beverage such as is legislated against, the mixture could not then have been used as a beverage, and, therefore, is not a "compound" legislated against in its then condition.

The judgment of the Circuit Court, therefore, ought to be and is reversed.

MR. CHIEF JUSTICE GARY and MESSRS. JUSTICES WATTS, COTHRAN and MARION concur.